KER (HURST v.). See Case No. 6,935.

KERCHEVAL (MARTIN v.). See Case No. 9,163.

KERFOOT (REID v.). See Case No. 11,668.

## Case No. 7,723.

KEROSENE LAMP CO. v. LITTELL.

[2 N. J. Law J. 150.]

Circuit Court, D. New Jersey. March 29, 1879.

PATENTS—REHEARING—NEW EVIDENCE.

Motion for a rehearing denied in the absence of clear proof of anticipation of the patented article.

On motion for a rehearing upon affidavits of newly discovered evidence.

Dickerson & Beaman, for plaintiff.

B. F. Lee, for defendant.

NIXON, District Judge. There has been a decree for the complainant in this cause on final hearing, .and this is an application for a rehearing, which the court, as a rule, is not disposed to favor. There are doubtless cases where such applications are proper, and where newly discovered facts render a rehearing the only method of averting injustice and securing the rights of litigants. But it is to the interest of the republic that there should be an end to strife, and the court is not disposed to encourage the practice sometimes resorted to by the losing party, of employing new counsel, and renewing the controversy, after he has submitted his case upon his proofs and elaborate argument, and had a decision rendered against him.

The opinion proceeds with an examination of the affidavits of the patentee, and the other proofs of newly discovered evidence, and concludes that it does not clearly appear that the lamps or heaters in evidence were in existence prior to the invention of Fish (the patentee), and that, if they were, they were not anticipations of the complainant's patent, as heretofore construed by the court. The motion for a rehearing was denied.

[See Case No. 7,724.]